

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00183-CV
_____

**IN THE ESTATE OF JIMMY ALLEN BIRD, DECEASED**

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 23-05-07783A, Honorable Reed A. Filley, Presiding

June 26, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

This appeal arises from conflicts among heirs of Jimmy Allen Bird. Appellants, Sherry Elizabeth Bird Sappington and Dana Kay Bird appeal from the trial court's July 2023 *Order Authorizing Conveyance of Real Estate With Fewer Than All Co-Executors*. Appellees are Jay Cliff (Brandon) Bird II, Russell Bird, Talina Bird, Cindy Sue Bird Shepherd, Individually and as Successor Independent Co-Executor of the Estate of Jimmy Allen Bird, and Mike Calfin as Independent Administrator for the Estate of Ada Lou Chambliss Bird (collectively Brandon).

By a three-part issue, Sherry and Dana contend the trial court's conveyance order is void and advisory because (1) the court had not determined ownership and later entered a contradictory final ruling that Jimmy's estate did not have an interest in the property conveyed; (2) there was no valid sale to Brandon prior to the conveyance authorized under section 307.002(b) of the Texas Estates Code; and (3) Ada's death impacted the Option Contract such that Cindy could not sell or convey Jimmy's interest pursuant to the Option Contract after Ada's death. We affirm.

The family tree below illustrates Jimmy's heirs:



## BACKGROUND

Jimmy and Ada married in 1951 and had five children, Sherry, Dana, Cindy, Jay Cliff, and Lindy. Jay Cliff passed away in 2004 and had three children, Talina, Russell, and Brandon, grandchildren to Jimmy and Ada. Lindy, who did not have any children, passed away in 1970. Jimmy passed away in 2020, and Ada was appointed Independent Executrix of his estate. Jimmy's Will and First Codicil were admitted to probate by order

dated March 11, 2021. In Paragraph IV of his Will, Jimmy gave, devised, and bequeathed to Ada "all of my property, real, personal and mixed of whatever description and wherever located, for her Natural Life . . . ." In Paragraph VI, he gave Ada, as Independent Executrix, the "power and authority to sell, lease, encumber, partition, and divide or in any other manner dispose of or convert any or all of my estate in such manner as she may see fit . . . ." By Paragraph VII, he provided "[a]ll the rest, residue of my estate, I give, devise and bequeath to [Ada] for her natural life."

In December 2021, Ada and her grandson Brandon, who was operating the family ranch, entered into an Option Agreement for the purchase of 5,240 acres.[1] He paid a $600,000 non-refundable option fee. The option period was the earlier of December 31, 2036, or 180 days following Ada's death. Ada passed away on January 7, 2023.

Following Ada's death, Sherry, Dana, and Cindy were appointed as Successor Independent Co-Executors of Jimmy's estate. Ada named Brandon and Dana as Co-Executors of her Estate, but they declined to serve and Mike Calfin was appointed Independent Administrator.

Ada's death triggered Brandon's right to exercise the option and on March 31, 2023, he gave notice of his intent to do so to Sherry, Dana, and Cindy and delivered a signed Farm and Ranch Contract to their attorneys. Cindy complied with the Option Agreement and signed the contract; Sherry and Dana refused to sign. Sherry and Dana claimed all of Jimmy's estate did not pass in fee to Ada and that she only received a life estate. They also claimed some of Jimmy's real estate was his separate property.

---

[1] Ada entered into a Family Settlement Agreement with her daughters, Sherry, Dana, and Cindy, which in part, confirmed that Jimmy's fifty percent fee simple interest in the real estate sold to Brandon passed to Ada under Jimmy's Will and the sale to Brandon also included Ada's fifty percent from the interest she owned outright.

Brandon filed an Application for Authorization for Conveyance of Real Estate with Fewer than all Co-Executors pursuant to section 307.002(b) of the Estates Code.[2] He sought an order authorizing Cindy, as Successor Independent Co-Executor of Jimmy's Estate, to close the Option Agreement.[3] The trial court held a hearing on the Application and signed an order on July 6, 2023, granting Brandon's Application. The order authorized Cindy, as Successor Independent Co-Executor of Jimmy's Estate, to convey Jimmy's estate's interest in the Option Property pursuant to the Option Agreement. The Option Agreement closed on October 4, 2023, with Cindy and Mike, on behalf of the respective estates of Jimmy and Ada, signing a deed conveying the property to Brandon.

Months later, in April 2024, in a severed cause, the trial court determined Jimmy's Will and Codicil devised Ada a "fee simple absolute interest in all of the property real, personal, and mixed of whatever and wherever located owned by [Jimmy] at the time of his death." The subject of whether Jimmy devised Ada a life estate or a fee simple estate was resolved by opinion and judgment dated this same date, in appellate Cause Number 07-24-00184-CV. This Court resolved the dispute in favor of Brandon and affirmed the trial court's order construing Jimmy's Will as devising Ada a fee simple estate.

In this appeal, Sherry and Dana maintain the trial court's July 6, 2023 order is void and advisory. They maintain that because the trial court had not yet determined whether Ada inherited a life estate or a fee simple estate when it entered that order, it essentially

---

[2] Section 307.002(b) provides in part that all executors must join in the conveyance of real estate unless the court authorizes fewer than all to act. TEX. EST. CODE ANN. § 307.002(b).

[3] On May 15, 2023, Brandon, claiming to be a good faith purchaser under the option, sued Sherry and Dana for various claims including construction of Jimmy's Will, a determination of the character of Jimmy's estate, breach of the option, and declarations regarding the Family Settlement Agreement.

placed the cart before the horse preventing the "horse" from moving in an "orderly fashion."

Brandon argues, in part, that a decision by this Court agreeing with the trial court's construction of Jimmy's Will and Codicil renders the impact of the July 2023 order moot. He asserts that because all property passed to Ada in fee simple, he acquired the Option Property under the Purchase Agreement or under the right of first refusal specified in Ada's Will. We agree.

A case becomes moot when a justiciable controversy between the parties ceases because of subsequent events. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). Our disposition in Cause Number 07-24-00184-CV finding Ada owned the entirety of Jimmy's estate meant she was free to dispose of the property as she wished.

*Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021), requires this Court to dismiss a moot appeal. An appeal is moot if: (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would be an impermissible advisory opinion. *Id.* at 634–35.

Our disposition in Cause Number 07-24-00184-CV concluding Jimmy intended to devise Ada a fee simple estate granted her the authority to enter into the Option Agreement with Brandon for him to purchase specified acreage, albeit before the trial court's construction of Jimmy's Will and Codicil. Thus, no justiciable controversy remains among Jimmy's heirs and this appeal is rendered moot.

5

**CONCLUSION**

The trial court's July 6, 2023 *Order Authorizing Conveyance of Real Estate With Fewer Than All Co-Executors* is affirmed.

Alex Yarbrough
Justice